**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| **ALBERT SERRANO, Jr.,** | : | |
| | : | Civ. Action No. 17-5866 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| | : | |
| **NEW JERSEY STATE SUPERIOR** | : | |
| **COURT JUDGE JOHN T. KELLEY,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**BUMB**, District Judge:

Plaintiff Albert Serrano, Jr., a prisoner incarcerated in Northern State Prison, in Newark, New Jersey, filed a civil rights complaint on August 8, 2017. (ECF No. 1.) Plaintiff seeks to proceed without prepayment of fees ("*in forma pauperis*" or "IFP"), pursuant to 28 U.S.C. § 1915(a). Plaintiff, however, did not file a properly completed IFP application because he did not submit "a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined," required by 28 U.S.C. § 1915(a)(2). Thus, the Court will administratively terminate this action, subject to reopening if Petitioner files a complete IFP application.

Plaintiff should be aware, however, that if he is granted *in forma pauperis* status, he must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

After Plaintiff completes his IFP application by submitting his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint, if he chooses to do so, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a

claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.[1]

I. STANDARDS FOR A SUA SPONTE DISMISSAL

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings

---

[1] This Court's conclusive screening of Plaintiff's claims is reserved until he obtains *in forma pauperis status*. See Izquierdo v. New Jersey, 532 F. App'x 71, 72-73 (3d Cir. July 25, 2013) (district court may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2) after leave to proceed IFP is granted).

3

that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

   A. The Complaint

Plaintiff alleges New Jersey Superior Court Judge John T. Kelley made a frivolous ruling on Plaintiff's petition for post-conviction relief in his state criminal proceeding. (Compl., ECF No. 1, ¶¶4(b), 6). For relief, Plaintiff seeks damages and a hearing in his state criminal action.

   B. Section 1983 claims

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured

4

>           in an action at law, suit in equity, or
>           other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

There are at least reasons the Court would be required to dismiss Plaintiff's complaint upon screening. The first reason is that the only defendant, a state court judge, is entitled to absolute judicial immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." <u>Capogrosso v. The Supreme Court of New Jersey</u>, 588 F.3d 180, 184 (3d Cir. 2009) (quoting <u>Azubuko v. Royal</u>, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" <u>Id.</u> (citation omitted).

Petitioner alleges Judge Kelley erred in denying his motion for post-conviction relief. He does not allege Judge Kelley

5

acted in the clear absence of all jurisdiction. Therefore, the only defendant named in the civil rights action is immune from suit, and the Court would be required to dismiss the complaint upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

The second reason the Court would dismiss the complaint upon screening is that Plaintiff seeks relief that is unavailable in this court. Plaintiff seeks a hearing on his petition for state post-conviction relief, and presumably relief from the denial of his PCR petition. (Compl., ECF No. 1, ¶7.) The <u>Rooker-Feldman</u> doctrine bars Plaintiff from appealing his state court post-conviction relief proceedings in an action under 42 U.S.C. § 1983. <u>See</u> <u>Darby v. Geiger</u>, 441 F. App'x 840, 842 (3d Cir. 2011) (per curiam) (affirming district court's dismissal of complaint where plaintiff sought to appeal, in the district court, the decisions in his state court post-conviction relief proceedings.)

III. CONCLUSION

The Court will administratively terminate this matter without prejudice because Plaintiff failed submit a complete IFP application under 28 U.S.C. § 1915(a)(2). Plaintiff is advised that if he cures the deficiencies in his IFP application and reopens this action, his civil rights complaint would be dismissed upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B). An appropriate order follows.

Dated: August 23, 2017

                                  s/Renée Marie Bumb
                                  **RENÉE MARIE BUMB**
                                  **United States District Judge**